# SUPREME COURT.

## SALLY J. MAYER *et al.* agt. JOHN G. NOLL *et al.*

*Examination of parties before trial — on whom order for, must be served —
Code of Civil Procedure, sections 870–873.*

An order for the examination of an adverse party as a witness before the
trial of the action, under sections 870–873 of the Code of Civil Pro-
cedure, must be served upon the party to be examined as well as upon
his attorney. Service upon the attorney alone will not authorize an
attachment against the party, nor an order striking out his pleading.

*General Term, First Department, November,* 1878.

ON the 13th of May, 1878, the plaintiffs obtained an order,
under sections 870–873 of the Code of Civil Procedure, for
the examination of the defendants as witnesses before the trial
of the action. The order directed that service be made upon
the parties to be examined or upon their attorney. Service
was made upon the attorney alone. The defendants, who
resided at Fort Wayne, Indiana, failed to appear for examina-
tion at the appointed time and place. The plaintiffs, there-
upon, applied for an order striking out the defendants' answer
as a punishment for their failure to appear. Upon the argu-
ment, which was had at special term before DANIELS, J., the
defendants' counsel objected, that the service of the order for
examination was incomplete and that it should have been
served upon the parties to be examined as well as upon their
attorney, as had been held in *Riddle* agt. *Cram* (5 *Weekly
Dig.*, 277). The objection was overruled and the defendants'
answer was stricken out, unless within five days the defend-

Mayer *et al.* agt Noll *et al.*

ants consented to appear and submit to an examination under the original order theretofore made. The defendants declined to give such consent and appealed.

*John E. Brodsky*, for appellant, cited and relied upon *Riddle* agt. *Cram* (5 *Weekly Digest*, 277).

*Ira Leo Bamberger*, for respondent.

The general term reversed the order of the special term upon the ground that the service of the order for examination upon the attorney alone was not sufficient to warrant the order striking out the defendants' answer. No written opinion was filed.

NOTE.— A ruling to the same effect was made by the Saratoga special term of the supreme court (7 *Weekly Digest*, 312), in which judge BOCKES (*on p.* 314) says: " Without further elaboration of this subject here I will remark that I have carefully considered the case of *Riddle* agt. *Cram* (5 *Weekly Dig.*, 277) and am entirely satisfied with the line of reasoning there adopted." [REP.